## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **MICHAEL P. LEHTONEN, Individually** | ) | **D.C. CV. NO. 2012-012** |
| **and representing the public interest of the** | ) | |
| **People of the Virgin Islands,** | ) | Ref.:    S.C. CR. NO. F59-2006 |
| | ) | S. Ct. Civ. No. 2011-0065 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BRENDA J. HOLLAR,** | ) | |
| **KATHLEEN MACKAY,** | ) | |
| **JAMES S. CARROLL, III,** | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————————— | ) | |

**APPEARANCES:**

**Michael P. Lehtonen**
St. Thomas, U.S. Virgin Islands
        *Pro se Plaintiff*

**Paul L. Gimenez, Esq.**
Superior Court of the Virgin Islands
St. Thomas, U.S. Virgin Islands
        *For Defendant Carroll*

**Maria Tankenson Hodge, Esq.**
**Gaylin Vogel, Esq.**
Hodge & Francois
St. Thomas, U.S. Virgin Islands
        *For Defendants Hollar and Mackay*

## <u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court are the motions of Defendants Brenda J. Hollar ("Judge Hollar"),

Kathleen Mackay ("Judge Mackay" or the "Magistrate"), and James S. Carroll, III ("Judge

Carroll"), Judges of the Superior Court of the Virgin Islands, (collectively, the "Judges") to

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 2

dismiss Michael Lehtonen's ("Lehtonen") February 2012 *pro se* Complaint.  Lehtonen alleges

civil rights violations pursuant to U.S. CODE ANN. tit. 42 U.S.C. § 1983 ("Section 1983");

conspiracy to violate civil rights; and abuse of process.  (ECF No. 1, Compl.)  The Judges move

to dismiss Lehtonen's Complaint for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  (*See* ECF

Nos. 8, 9, 12, 13, 16.)


## I.    FACTS AND PROCEDURAL BACKGROUND

As the parties are familiar with the underlying facts of this case, only those facts relevant

to this discussion will be recited.  Lehtonen was a tenant in an apartment owned by David Payne,

Jr. ("Payne").  When Lehtonen defaulted on his rental obligations, Payne filed a Forcible Entry

and Detainer ("FED") action against him in the Superior Court.  *See David Payne, Jr. v. Michael

Lehtonen*, ST-09-CV-0614, Super. Ct. (the "FED action").[1]  Lehtonen answered the FED

complaint and counterclaimed seeking damages against Payne for alleged acts of self-help

undertaken by Payne.  When the FED action came before Judge Mackay for a hearing on

January 12, 2010, Lehtonen did not appear.  Judge Mackay found that the FED action was moot.

In a January 14, 2010 Order, Judge Mackay noted that Lehtonen had been properly served with

process and dismissed the FED action with prejudice.

---

[1]      Judge Hollar, the Administrative Judge of the Superior Court of the Virgin Islands ("Superior Court") when the instant Complaint was filed, has since retired from the Superior Court.  Judge Mackay, a Magistrate in the Superior Court when this action was filed, was appointed in late 2012 to serve as a Judge in the Superior Court. Judge Mackay presided over the FED action.

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 3

Thereafter, on January 25, 2010, Lehtonen filed a motion to partially set aside the Magistrate's dismissal arguing that Judge Mackay should not have dismissed the case without first addressing his counterclaims against Payne.  On February 16, 2010, Judge Mackay set aside the dismissal with prejudice for the counterclaim, but in its stead, dismissed the Counterclaim without prejudice stating that the compensatory and punitive damages Lehtonen sought are not within the jurisdiction of the court in an FED action.  Lehtonen filed a renewed motion to set aside the January 14th and February 16th orders.  That renewed motion was treated as an appeal. Judge Carroll recused himself from the FED action without making any rulings in the case.[2]  On July 1, 2011, Judge Hollar affirmed Judge Mackay's January 14, 2010 and February 16, 2010 orders.

Lehtonen filed the instant action in this Court on February 16, 2012.  In his Complaint he asserts that the Judges, by their rulings:  (1) violated his civil rights; (2) conspired to violate his civil rights; (3) in concert with an unknown Assistant Marshall of the Superior Court,[3] subjected him to abuse of process by, among other things, falsifying a return of service; and (4) acted in bad faith, thus making them liable to suit.[4]  (ECF No. 1, Compl. at 2-7.)  Lehtonen also alleges that Judge Carroll failed to meet acceptable judicial standards when he failed to give a reason for

---

[2]     Lehtonen's Complaint does not give the date of Judge Carroll's recusal, but states that it "occurred approximately three months after Plaintiff wrote the Judge asking for a prompt decision."  (ECF No. 1, Compl. at 3.)

[3]     Lehtonen also asserts that Assistant Marshal Alvin Simmonds "is exempted from this suit thus far as while his acts were criminal and damaged Plaintiff, Plaintiff believes that he actually committed a 'split-second tragic blunder' undoubtedly induced by his good nature and misrepresentations to him by whoever asked him to do it." (ECF No. 1, Compl. at 6, ¶ 22.)

[4]     Lehtonen's claim that "mass police misconduct . . . led to this entire litigation" is not properly before this Court.  (*See* ECF No. 19 at 1 ("Information Notice").)

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 4

his recusal.  (*Id*. at 3.)  As such, Lehtonen prays for "relief" and unspecified "damages" from the

Judges, jointly and severally, and for such other relief as the Court deems proper.  (*Id*. at 7.)

The Judges now move to dismiss Lehtonen's Complaint.  Lehtonen opposes the motions.


## II.     DISCUSSION

In the wake of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), the United States Court of Appeals for the Third Circuit ("Third Circuit") set

forth the analysis needed when considering a motion to dismiss for failure to state a claim upon

which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal
> elements of a claim should be separated.  The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard any legal conclusions.
> Second, a District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a "plausible claim for
> relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at

678-79).  Indeed, the Third Circuit summed up the pleading standard under *Twombly* as follows:

> [S]tating  . . . a claim requires a complaint with enough factual matter (taken as
> true) to suggest the required element. This does not impose a probability
> requirement at the pleadings stage, but instead simply calls for enough facts to
> raise a reasonable expectation that discovery will reveal evidence of the necessary
> element.

*Phillips v. Allegheny County,* 515 F.3d 224, 234 (3d Cir. 2007) (internal quotation marks and

citations omitted.)

A district court may grant a motion to dismiss only if, accepting all factual allegations in

the complaint as true and construing the complaint in the light most favorable to plaintiff, it

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 5

determines that plaintiff is not entitled to relief under any reasonable reading of the complaint.

To survive a motion to dismiss,

> "a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." On the contrary, a court is not required to accept legal conclusions alleged in the complaint. The pleading must contain sufficient factual allegations so as to state a facially plausible claim for relief. A claim possesses such plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.

*Mayer v. Belichick*, 605 F.3d 223, 229-30 (3d Cir. 2010) (internal citations omitted).

### III.    ANALYSIS

The Judges argue that Lehtonen's Complaint fails to state a claim upon which relief can be granted. They assert judicial immunity, and that Lehtonen fails to state a claim upon which relief can be granted under both Section 1983 and abuse of process. Even assuming the veracity of all pleaded facts, this action is problematic as a matter of law for Lehtonen.

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Here, the actions of which Lehtonen complains all occurred during, and as a consequence of judicial action. It is a well-established principle that a judge in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. *See*

Lehtonen v. Hollar, et al.
D.C. CV. No. 2012-012
Memorandum Opinion
Page 6

*Mireles v. Waco*, 502 U.S. 9, 12 (1991) (holding that a judge was absolutely immune from suit for allegedly ordering police officers to use excessive force to bring an attorney to court on grounds that the judge's actions were taken in his judicial capacity). The Court is well aware that "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* at 11. However, that is not the case here. The acts complained of by Lehtonen are precisely the type of acts contemplated by *Mireles* and subject to judicial immunity. *See id.*

Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump*, 435 U.S. at 356-57 (citation omitted)). Lehtonen has not set forth any facts that would allow this Court to conclude that the Judges clearly lacked jurisdiction.[5] Where the allegations in a plaintiff's complaint relate to action taken by the judge "in his capacity as a judge," and the plaintiff has not alleged that the judge "clearly lacked jurisdiction," the allegations are "insufficient to overcome . . . judicial immunity." *See Brown v. Calabro*, No. 12-4011, 2013 WL 343457, at *2 (3d Cir. Jan. 30, 2013). Moreover, even if Lehtonen could overcome the hurdle presented by the Judges' judicial immunity, his Section 1983 is deficient.

---

[5]    *See Conklin v. Anthou*, No. 12-1466, 2012 WL 3802281, at *4 (3d Cir. Aug. 30, 2012) (citing *Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006)* (distinguishing between actions in excess of jurisdiction and actions in clear absence of jurisdiction)).

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 7

Lehtonen alleges that the Judges' acts of misconduct violate Section 1983.  To establish a claim under Section 1983, a plaintiff must, first and foremost, show that the defendants are "persons".[6]  "Territories and their officers, acting in their official capacities, are not 'persons' under [42 U.S.C.] § 1983."  *McCauley v. UVI*, No. 09-3735, 2010 U.S. App. LEXIS 17196, at *12-13 (3d Cir. Aug. 18, 2010) (citing *Ngiraingas v. Sanchez*, 495 U.S. 182, 191-92 (1990)).  The Virgin Islands Code provides that "judges of the [superior] court shall be officers of the Government of the Virgin Islands."  4 V.I.C. § 72(c).   Therefore, the Judges as officers of the territory are not "persons" within the scope of Section 1983.  *See Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993) ("[N]either the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983.")   Lehtonen's request for unspecified "damages" is yet another insurmountable hurdle under § 1983.  It is well established that judges have absolute immunity from Section 1983 actions seeking monetary damages for actions performed in a judicial capacity.  *See Stump*, 435 U.S. at 364-65.  Thus, the Court also finds that Lehtonen's challenge to his conviction fails to state a plausible claim for relief under Section 1983.

---

[6]     Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (1996).

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 8

Lehtonen's Complaint further alleges that the Judges caused or instructed a Superior Court marshal to falsify a return of service. (*See* ECF No. 1, Compl. at 6-7.) To plead abuse of process, a "plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 304 (3d Cir. 2003). "[T]he point of liability is reached when 'the utilization of the procedure for the purpose for which it was designed becomes so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure.'" *Id.* at 308.

Lehtonen's Complaint contains labels and conclusions, but is devoid of any "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mayer*, 605 F.3d at 229-30. Thus, the Court finds that Lehtonen's Complaint does not allege facts from which this Court can infer that the Judges engaged in perversion of the return of service process which would entitle him to relief; that the procedures utilized by the Judges lacked justification; or that Lehtonen suffered harm from the alleged abuse of process.

Ordinarily, "[e]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment unless an amendment would be inequitable or futile." *Phillips v. Sheraton Soc'y Hill,* 163 F. App'x 93, 94 (3d Cir. 2005). That option is not available here, as the basic facts giving rise to the injury – the Judges' acts in their capacity as judges – are immutable and fatal to Lehtonen's 1983 and abuse of process claims. As such, leave to amend would be futile.

*Lehtonen v. Hollar, et al.*
D.C. CV. No. 2012-012
Memorandum Opinion
Page 9

**IV.      CONCLUSION**

For the reasons stated, the Court finds that Lehtonen's Complaint fails to state any claim which would survive judicial immunity.  The Court will grant the Judges' motions to dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).  An appropriate order follows.

**ENTER:**

/s/ Curtis V. Gómez

_____

**CURTIS V. GÓMEZ**
**CHIEF JUDGE**